FILED
JUN 1 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre J. Twitty, )
)
    Petitioner, )
)
v. ) Civil Action No. 10 1004
)
Blake Daniel, Warden, )
)
    Respondent. )

## MEMORANDUM OPINION

In this action for a writ of habeas corpus under 28 U.S.C. § 2241, petitioner, a prisoner at the United States Penitentiary (Max) in Florence, Colorado, challenges his sentence imposed by the United States District Court for the Northern District of Georgia. Pet. at 2. He claims that his conviction is invalid for a variety of reasons, including that the sentencing court lacked jurisdiction, the prosecutor committed perjury, and that the petitioner had ineffective assistance of counsel. *Id.* at 6.

Habeas review of a federal conviction and sentence is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration &*

*Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). In the absence of any basis for finding petitioner's remedy under § 2255 inadequate or ineffective, this civil court lacks jurisdiction to entertain the petition. Petitioner's recourse lies in the sentencing court.

A separate Order of dismissal accompanies this Memorandum Opinion.

Date: 5/26/10

United States District Judge